IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENDALL GARLAND** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **JJPI (JOSEPH J. PETERS INSTITUTE),** | : | **NO. 15-1225** |
| et al. | : | |

**M E M O R A N D U M**

**JOSEPH F. LEESON, JR., J.**                                                                                  **MARCH 18, 2015**

Kendall Garland, a prisoner incarcerated at the State Correctional Institution at Waymart, filed this civil action against the Joseph J. Peters Institute, a therapist named Chad, and two probation officers.  Currently before the Court is plaintiff's motion to proceed *in forma pauperis*.  For the following reasons, the Court will deny the motion pursuant to 28 U.S.C. § 1915(g).

According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed.  *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc).  "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).  Plaintiff had accumulated at least three "strikes" for purposes

of 28 U.S.C. § 1915(g) at the time he filed this action.  *See, Garland v. Kephart*, W.D. Pa. Civ. A. No. 04-163 (dismissed for failure to state a claim); *Garland v. Malinich*, W.D.Pa. Civ. A. No. 04-153 (dismissed for failure to state a claim); *Garland v. Horton*, W.D. Pa. Civ. A. No. 04-130 (dismissed for failure to state a claim); *see also Garland v. Horton*, Civ. A. No. 04-130, 2006 WL 2590483, at *1 (W.D. Pa. Sept. 8, 2006) (observing that plaintiff is a three-striker).  Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint.

In his complaint, plaintiff alleges that the defendants violated his Fifth Amendment rights by compelling him to submit to a polygraph examination in connection with a treatment program that he was required to attend as a condition of his probation.  Nothing about his allegations suggests that he is in imminent danger of serious physical injury.  Accordingly, the Court will deny his motion to proceed *in forma pauperis* pursuant to § 1915(g).  An appropriate order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR., J.**